**SPECIAL INDEMNITY FUND, Petitioner,**

v.

**Jimmie Jeff BAKER and The Workers' Compensation Court, Respondents.**

No. 84280.

Court of Appeals of Oklahoma, Division No. 3.

May 9, 1995.

Certiorari Denied July 14, 1995.

Robert Highsaw, State Insurance Fund, Oklahoma City, for petitioner.

Albert M. Morrison, William H. Brogden, Oklahoma City, for respondents.

## *OPINION*

GARRETT, Chief Judge:

Respondent, Jimmie Jeff Baker (Claimant), filed his Form 3 in the Workers' Compensation Court on February 20, 1990, alleging he sustained an accidental injury arising out of and in the course of his employment with Bonray Drilling Company (Employer) on October 21, 1989. He alleged he injured his back and head and that he had ulcers. He described the nature of his injury as: "Back injury, chronic headaches, psychologi-

cal overlay". He also alleged he was a physically impaired person due to a pre-existing disability which occurred in 1959. He described the previous injury as follows:

> Burned, 1959, right hand—no fingers, not worker compensation left hand—both legs, i.e. open and obvious to ordinary layman

On March 16, 1992, the trial court entered an order (the 1992 Order) and found Claimant's injuries arose out of and in the course of his employment. The court found Claimant was permanently and totally disabled due to the injury to his back (with radicular symptoms to both legs and hips), stomach and GI tract and injury resulting in impotence. The court reserved the issue of psychological overlay and bladder problems for future hearing.

On December 13, 1993, a Joint Petition was filed, in which Claimant agreed to accept $85,700.00 in settlement of all claims for injuries to Claimant's "back with radicular symptoms to both legs and hips, stomach, GI tract, impotence, bladder, headaches, ulcers, psychological overlay and body as a whole". The Joint Petition also provided for the following: "Plus an additional $10,000.00 for future medical and $47,840.10 PTD previously paid."

On February 15, 1994, Claimant filed a Form 3–F, Employee's Claim for Benefits from the Petitioner, Special Indemnity Fund (the Fund). On the same date, he filed a Form 9 against the Fund, requesting permanent total disability, future medical care, temporary total disability and vocational rehabilitation. On August 25, 1994, the trial court entered an order (the 1994 Order) and found as follows:

> That at the time of claimant's latest compensable injury of October 21, 1989, claimant was a previously physically impaired person by reason of the following:

> 1959—Obvious and apparent impairment to the hands—50% body as a whole

> [T]hat by reason of the latest injury, claimant has sustained 99 per cent permanent partial disability to the body as a whole (back (radiculopathy to legs and hips), stomach, bladder, G.I. tract (sic), ulcers,

headaches, impotence, and psychological overlay), and by reason of said previous impairment claimant sustained 50 per cent permanent partial disability to the body as a whole.

> That due to the claimant's most recent injury on October 21, 1989, in combination with all prior injuries and the material increase resulting therefrom, the claimant 'is now *permanently and totally disabled*. . . .

For reversal, the Fund contends:

When Claimant is adjudicated as permanently totally disabled against Employer for the latest injury, he cannot also be found to be permanently totally disabled against the Fund as a result of combination of injuries.

■ The Fund contends it has no liability because Claimant became permanently totally disabled from his last employment, and there cannot be greater disability than permanent total disability. It contends there can be no increase of disability in this case. We agree.

■ The purpose of the Fund is stated by the Supreme Court in *Special Indemnity Fund v. Figgins*, 831 P.2d 1379, 1381–1382 (Okl.1992):

> The purpose of the Indemnity Fund is to encourage employment of previously impaired workers. Pursuant to § 172 of the Indemnity Act, a physically impaired person who is injured in a second accident is entitled to compensation for the totality of his/her disability. However, the employer is liable only for the amount of disability caused by the subsequent accident. *The Indemnity Fund is responsible for excess awards resulting from combined disabilities.* (Emphasis added) (Footnotes omitted).

In the instant case, the trial court determined in the 1994 Order that Claimant was a "previously physically impaired person" because of the 1959 unadjudicated, non-employment related injury to his hands, which are "members" under 85 O.S.Supp.1993 § 171. See *Special Indemnity Fund v. Figgins*, supra. The trial court also determined that Claimant was 99% permanently partially dis-

abled as a result of the October 21, 1989 work-related injury, and that because of the combination of the two injuries, Claimant was permanently totally disabled. 85 O.S.Supp.1992 § 172(B) provides:

B. If such combined disabilities constitute permanent total disability, as now defined by the Workers' Compensation Act, then the employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from such subsequent injury. In addition, the employee shall receive full compensation for his combined disability, as above defined, all of which shall be computed upon the schedule and provisions of the Workers' Compensation Act. The employer shall be liable only for the degree of percent of disability which would have resulted from the latter injury if there had been no preexisting impairment. After payments by the employer or his insurance carrier have ceased, the remainder of such compensation shall be paid out of the Special Indemnity Fund provided for in Section 173 of this title, in periodic installments. In permanent total disability cases the same shall be paid in periodic payments, as set forth in Section 22 of this title, and shall not be commuted to a lumpsum payment. The compensation rate for permanent total awards from the Special Indemnity Fund shall be the compensation rate for permanent partial disability paid by the employer in the last combinable compensable injury. Permanent total awards from the Special Indemnity Fund shall be payable for a period of five (5) years or until the employee reaches sixtyfive (65) years of age, whichever period is the longer.

This statute is not to be construed in such a way that would allow a claimant to recover compensation benefits twice. Under § 172(B), the Fund is responsible only for the amount of the material difference in disability due to the combination of injuries. It was never intended to require the Fund to pay the entire permanent total award.

The nature of the Fund's liability was stated in *Reynolds v. Special Indemnity Fund,* 725 P.2d 1265, 1267–1268 (Okl.1986):

Special Indemnity Fund statutes govern claims by physically impaired persons. The existence of materially increased disability that results from a combination of the last injury with prior impairments constitutes the essence of the Fund's liability. Awards against the fund may be entered only for an obligation defined by statute. The parameters of the Fund's liability are found in 85 O.S.1981 § 172A. Before an award may be made it must be shown that [1] the claimant is a "physically impaired person" within the meaning of statutory law; [2] the claimant suffered a subsequent injury, compensable under the Workers' Compensation Act, which resulted in further permanent impairment or disability; [3] the pre-existing impairments maybe combined with those from the last compensable accident and [4] the disability resulting from the combination of the worker's new injury with prior impairments is materially greater than that which would have resulted from the last injury standing alone. . . .

An award against the Fund is limited to compensation for the *"material increase"* if any were found. The increase is represented by the extent of disability remaining after the percentage of disability that rendered the claimant a "physically impaired person" and the percentage attributable to the last injury alone are deducted from the aggregate or combined permanent disability. The Fund's liability is purely derivative in the sense that its incidence is "derived" or "deduced" from the previously adjudicated obligation of the employer, then to be supplemented only to the extent the *material increase* be found. (Emphasis in original) (Citations omitted).

In its discussion of the Special Indemnity Fund statutes, 85 O.S.1981 §§ 171, 172, the Supreme Court stated in *Western Co. of North America v. Nicholson,* 854 P.2d 905, 908 (Okl.1993):

Under this statutory scheme, the Special Indemnity Fund pays the permanently and totally disabled worker the difference between the amount of disability for which the present employer is liable and the amount necessary to compensate him fully

for his combined disability. The purpose of these statutes is

> ... to protect the employer against responsibilities for the combination of old and new disabilities *so that the employer can, without fear of having to pay for disabilities not inflicted, employ a physically impaired person.* [Emphasis added.]

*J.C. Penney Co. v. Crumby,* 584 P.2d 1325, 1329 (Okla.1978).

In the present case, Employer was ordered to pay, and did pay, for Claimant's permanent total disability award, as agreed in the Joint Petition. In the 1992 Order, the trial court found Claimant was permanently totally disabled *because of the subsequent (October 21, 1989) injury.* The 1994 Order, in which the trial court found Claimant to be 99% permanently partially disabled for the *same* injury, collaterally attacks the 1992 Order. This is impermissible. As stated above, § 172 was never intended to require the Fund to pay the entire permanent total award, and it was not intended to allow the claimant to receive payment for the PTD award twice. The Fund's liability is purely derivative "from the previously adjudicated obligation of the employer", and "supplemented only to the extent [of] the material increase", if any. The trial court did not find a percentage of material increase, and we do not find any compensation remaining to be paid to Claimant. The 1994 Order against the Fund is vacated.

ORDER VACATED.

HUNTER and ADAMS, JJ., concur.