SPECIAL INDEMNITY
FUND, Petitioner,

v.

Terry N. GRIFFITH and The Workers'
Compensation Court, Respondents.

No. 87493.

Court of Appeals of Oklahoma,
Division No. 1.

Oct. 1, 1996.

Henry A. Meyer, III, Oklahoma City, for Petitioner.

Victor R. Owens, Will K. Wright, Jr., Tulsa, for Respondents.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

Petitioner, Special Indemnity Fund (Fund), seeks review of a Workers' Compensation Court order finding it liable for a 6% material increase in Respondent, Terry Griffith's (Claimant), disability. As its single appellate proposition, Fund alleges the Workers' Compensation Court lacked jurisdiction to order it to pay an award because Claimant's preexisting disability, in combination with disability arising from his most recent injury, did not exceed 40%.

Claimant filed his claim for benefits from Fund based on [1] a January 1995, 28% adjudicated disability to the whole person based on a back injury, [2] a June 1994, 11% adjudicated disability to the whole person based on a right hand injury, and [3] an unadjudicated alleged obvious and apparent disability resulting from left leg surgery in 1992.

The statutory framework for claims against Fund is set forth at 85 O.S.Supp.1994 §§ 171 *et seq.* Fund's general liability rests on 85 O.S.Supp.1994 § 172, which provides, in relevant part:

A. If an employee who is a "physically impaired person" receives an accidental personal injury compensable under the Workers' Compensation Act which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities.... Provided the employer shall be liable only for the degree of percent of disability which would have resulted from the latter injury if there had been no preexisting impairment. After payments by the employer ... have ceased, the remainder of such compensation shall be paid out of the ... Fund. (Emphasis in original).

.     .     .     .     .

C. Before a physically impaired person can proceed against the ... Fund, the preexisting permanent partial disability and the permanent partial disability from the last injury must exceed a total amount equal to forty percent (40%) to the body.

A "physically impaired person" is defined in 85 O.S.Supp.1994 § 171, as:

... a person who as a result of accident, disease, birth, military action, or any other cause, has suffered ... the loss of the use or partial loss of the use of a member such as is obvious and apparent from observation or examination by an ordinary layman,

... or any pre-existing disability adjudged and determined by the Workers' Compensation Court ...

■ At trial, Claimant announced the issue before the court was the liability of Fund for "material increase"[1] in Claimant's disability. The following dialogue then ensued between the court and Claimant's counsel:

Court: ... I understand you're also here for an obvious and apparent injury?

Counsel: Part of our claim has to do with an obvious and apparent to the left knee injury of 1994 (sic) that required surgery.

Court: Without that obvious and apparent injury would you reach the threshold for—

Counsel: Forty percent, your Honor?

Court: Yes.

Counsel: No, your Honor, we would not.

Court: So, it is part of your claim then?

Counsel: Yes, your Honor.

Court: An essential part of your claim?

Counsel: Yes, your Honor.

The forty percent threshold referred to at trial is that contained in 85 O.S.Supp.1994 § 172(C), set forth above. It appears clear then that the parties and the court understood the court's jurisdiction required a combination of the two adjudicated disabilities and the claimed "obvious and apparent" disability. Nonetheless, in its order the Workers' Compensation Court made no finding, nor even mentioned, the obvious and apparent injury.

Instead, the order found Claimant was a previously impaired person by reason of his 1994 adjudicated 11% disability to the body as a whole, and that by reason of his latest injury had sustained a 28% adjudicated disability to the body as a whole. The court then held:

That by reason of the combination of the above described injuries and disabilities and the material increase in disability of 6 percent occasioned thereby, claimant has sustained 45 percent permanent disability to the BODY AS A WHOLE, for which the ... Fund is liable for payment of compensation to claimant ... (Emphasis in original).

■ It is well settled that a Workers' Compensation Court order must contain specific findings of ultimate fact responsive to the issues as well as conclusions of law upon which an order is based. *Bama Pie, Inc. v. Roberts*, 565 P.2d 31 (Okla.1977). Claimant clearly put the matter of the obvious and apparent disability into issue by his claim against Fund and more specifically at trial by his representations to the court. Fund reemphasized the issue by arguing at trial the 1992 knee surgery did not cause an obvious and apparent disability, and asserted the combined injuries did not exceed the 40% threshold requirement of § 172(C).

Whether Claimant met the § 172(C) 40% requirement necessitated a Workers' Compensation Court finding as to an ultimate fact—did Claimant have a preexisting obvious and apparent disability. There is competent evidence of record to support that finding, but if the court relied on the finding as the basis of its jurisdiction, then it erred by not including the specific finding in its order. If, however, the court instead based its jurisdiction under § 172(C) on a combination of the two adjudicated disabilities and the *material increase in disability* resulting from the combination, it also erred.

■ Evidence of the combined effect of disabilities on the whole body is admissible only after it has been established the court has jurisdiction to proceed on a claim against Fund. *Alflen v. Special Indemnity Fund*, 918 P.2d 407 (Okla.App.1996) (cert. denied). In *Alflen*, at 409, the Court of Appeals held:

Evidence of a material increase does not permit a claimant to circumvent the legislatively mandated predicatory threshold established by § 172(C), which dictates

---

1. An award against the Fund is limited to compensation for the "material increase" represented by the extent of disability remaining after the percentage of disability that rendered the claimant a "physically impaired person" and the percentage attributable to the last injury alone are deducted from the aggregate or combined permanent disability. *Reynolds v. Special Indemnity Fund*, 725 P.2d 1265 (Okla.1986).

that before a claimant may proceed against the Fund, his disabilities must exceed a total of 40 percent.

■ Although the claimant's combined disabilities in *Alflen* were both adjudicated, we find no reason to distinguish the case before us just because one of the disabilities to be combined to reach the 40% threshold is *unadjudicated.* The § 171 definition of a "physically impaired person" includes one who has suffered an unadjudicated "obvious and apparent" loss or partial loss of use of a body member, in addition to impairment caused by previously or separately adjudicated disabilities. Further, § 172(C) refers to "preexisting permanent partial disability", and contains no requirement that the preexisting disabilities, if they are found to be obvious and apparent, be adjudicated.

We are unpersuaded by Fund's argument that the Workers' Compensation Court's "non-recognition of an obvious and apparent disability" constituted a finding that no such disability existed. Fund cites no authority for this assertion, and it runs counter to the rule, as stated in *Bama Pie, Inc. v. Roberts,* that the court must include findings in its order which are responsive to the issues raised.

By its award against Fund for material increase in Claimant's disability, the Workers' Compensation Court implicitly found Claimant met the 40% jurisdictional threshold of § 172(C). We are however, unable to determine from the record, when read as a whole, how the court reached that legal conclusion. In addition to the reasons discussed above why the court's order must be vacated, the findings and conclusions in the order are too indefinite and uncertain for judicial interpretation. Therefore, the order is VACATED, and this matter is REMANDED for further proceedings consistent with this opinion.

VACATED AND REMANDED.

BUETTNER, J., concurs.

JOPLIN, J., concurs in result.