W.C. Doty, Norman, for Petitioner.

Georgiana Peterson, Henry A. Meyer, III, Oklahoma City, for Respondents.

Margaret Ann SAMILTON, Petitioner,

v.

SPECIAL INDEMNITY FUND, and the Workers' Compensation Court, Respondents.

No. 87224.

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 10, 1996.

*OPINION*

HANSEN, Presiding Judge:

In this action against the Special Indemnity Fund only,[1] the trial court found it did not have jurisdiction to proceed in that Claimant, Margaret Samilton, did not have the requisite percentage of combined injuries required by 85 O.S.1991. § 172(C). Claimant asks us to hold otherwise.

In November of 1986, the Legislature enacted § 172(C) to provide:

Before a physically impaired person can proceed against the Special Indemnity Fund, the pre-existing permanent partial disability and the permanent partial disability from the last injury must exceed a total amount equal to seventeen percent (17%) to the body.[2]

In April of 1994, Claimant filed her action against the Fund claiming she had three compensable injuries previously adjudicated by the Workers' Compensation Court. She sought an award against the Fund based on a material increase in her disability. The record contains a previous order of the trial court dated April 15, 1993, against her employer and its insurance carrier. That order awarded Claimant benefits for 8% disability to her lungs and 2% to her upper respiratory system. Although not included in the record, the parties appear to agree two other injuries were settled by joint petition in 1991. The joint petitioned injuries awarded Claimant $2,500.00 for her leg injury, and $2,500.00 for injury to her back. The fund states these awards equate to 6.6% permanent partial disability to the whole person.

---

1. Claimant did not attempt to reopen any prior claim on the basis of a change of condition.

2. As of September 1, 1992, the Legislature raised the threshold jurisdictional amount to 40%. Neither party claims the higher restriction applies to this action.

In her action against the Fund, Claimant stated the joint petitioned injuries as 6.5% disability to her legs and 3.3% disability to her back. However, in her brief, Claimant does not attempt to convince us the previous whole body adjudications awarded more than a total of benefits for 17% disability. Her only basis for arguing the trial court erred in dismissing the action is that the trial court should have considered a report from Dr. C. which found her disabilities had increased since the prior adjudications and now amounted to more than the jurisdictional 17%.[3]

Claimant points out that prior to the § 172(C) jurisdictional requirement, appellate decisions universally held when a claimant proceeds against the Fund, he or she must introduce competent medical evidence based on physicians' examinations. The Oklahoma Supreme Court in *Special Indemnity Fund v. Stockton,* 653 P.2d 194 (Okla. 1982)[4] held merely reciting prior adjudications of the Workers' Compensation Court was not enough. The reports must comply with the AMA guides and give a full examination. She claims this is exactly what Dr. C. did. He found permanent impairment ratings that were higher than the percentages set in the prior orders. The amount of prior disability when one goes against the Fund, Claimant stresses, is always a fact question to be determined by the evidence even though there is a rebuttable presumption the degree of impairment has not changed since the last adjudication. *Special Indemnity Fund v. Washburn,* 722 P.2d 1204 (Okla.1986). This presumption, Claimant urges, was overcome by her evidence.

This same issue has been addressed by the Court of Appeals in several unpublished and one published decision. As of this date, we find none of the opinions supports Claimant's view. In *Alflen v. Special Indemnity Fund,* 918 P.2d 407 (Okla.App.1996) *cert. denied,* Judge Goodman in dealing with a similar argument stated:

> Medical reevaluation of an adjudicated percentage of disability is relevant to a change-of-condition claim.... The quoted (by Claimant) portion of *Stockton,* which predates the enactment of § 172(C) ... merely stands for the proposition that a medical report submitted in support of a claim must be based upon objective findings.

Judge Goodman further held:

> The Fund's liability, however, is purely derivative from the *previously adjudicated* obligations of the employer, which are supplemented only to the extent of any material increase in disability found to exist as a result of the combination of the disabilities that rendered the employee a physically impaired person, and the subsequent injury. *Special Indemnity Fund v. Baker,* 900 P.2d 465, 468 (Okla.App.1995).

> Evidence of a material increase does not permit a claimant to circumvent the legislatively mandated *predicatory threshold* established by § 172(C), which dictates that *before* a claimant may proceed against the Fund, his disabilities must exceed a total of (17 in this case) percent. The Fund's role in providing supplementary disability benefits is clearly dependent upon the extent of an employer's primary liability. When that primary liability has been adjudicated by the Workers' Compensation Court, jurisdiction to proceed against the Fund must be determined on the basis of those established, adjudicated values.

We agree with the decision in *Alflen.* To allow substitution of medical opinions as to prior *adjudicated* injuries would circumvent the intent of the statute.[5]

---

3. The record does not contain a transcript of any hearing or argument.

4. In *Special Indemnity Fund v. Choate,* 847 P.2d 796 (Okla.1993), the Supreme Court specifically stated, "Assuming the 1981 version of Rule 20 was meant to require compliance with the AMA Guides in material increase cases against the Fund, it would be inconsistent with our view of legislative intent as expressed in Part VI and be of no effect in such regard. Also, to the extent *Stockton* relied on Rule 20 and is inconsistent with part VI of the instant opinion, it is expressly overruled because not in conformity with the applicable law."

5. We do not deal here with evidence of an unadjudicated "obvious and apparent" injury pursuant to 85 O.S.1994 § 171. *See, Special Indemnity Fund v. Griffith,* 926 P.2d 807 (1996).

Accordingly, the order of the Workers' Compensation Court is SUSTAINED.

JOPLIN and BUETTNER, JJ., concur.