**Lawanna ALHJOUJ, Petitioner,**

v.

**SPECIAL INDEMNITY FUND and the Workers' Compensation Court, Respondents.**

No. 88454.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 3, 1997.

Rehearing Denied July 15, 1997.

Certiorari Denied Oct. 15, 1997.

Pamla K. Cornett, Tulsa, for Petitioner.

Georgiana Peterson, Henry A. Meyer, III, Oklahoma City, for Respondents.

*MEMORANDUM OPINION*

HANSEN, Presiding Judge.

¶ 1 Petitioner Lawanna Alhjouj (Claimant) seeks review of the Workers' Compensation Court order awarding her benefits against Respondent Special Indemnity Fund (Fund), asserting error of the trial court in the calculation of her benefits. Having reviewed the record and applicable law, however, we find no error as alleged and hold the order of the Workers' Compensation Court should be sustained.

¶ 2 As her sole allegation of error, Claimant contends the Workers' Compensation Court erred, as a matter of law, in calculating the number of weeks of compensation for which Fund was liable. The facts are not in controversy, nor are the court's findings as to the rate of compensation or various percentages of disability. The controversy involves the court's application of relevant statutes to those facts and findings.

¶ 3 In its order, the court found Claimant had [1] sustained 28.25% permanent partial disability as the result of injuries which made her a "physically impaired person" in accordance with 85 O.S.Supp.1994 § 171, [2] sustained 12.5% permanent partial disability by reason of her latest compensable injury on December 14, 1994, and [3] sustained 45.75% permanent partial disability to the body as whole by reason of the combination of the foregoing disabilities and the material increase in disability of 5% occasioned thereby. The court, without specifying how the period was determined, ordered Fund to pay compensation to Claimant for a period of 20 weeks. Claimant seeks review of that order.

¶ 4 Claimant's contention is based upon her arguments as to how 85 O.S.Supp.1994 §§ 22(3)(b) and 172(A) should be applied here. The parties agree the law in effect on December 15, 1994, the date of the latest injury, is used in fixing Fund's liability. *Special Indemnity Fund v. Pogue*, 389 P.2d 629 (Okla.1964). Section 22(3)(b), which prescribes the amount of compensation to be paid a disabled worker, provides:

(b) With respect to injuries occurring after the effective date of this act, [September 1, 1993] in case of disability, partial in character but permanent in quality, the compensation shall be seventy percent (70%) of the employee's average weekly wages, and shall be paid to the employee for the period prescribed by the following schedule:

(1) For each percent of the first nine percent (9%) of disability, eighty percent (80%) of the number of weeks of compensation provided by law prior to the effective date of this act;

(2) For each percent of the next eleven percent (11%) of disability, the identical number of weeks of compensation provided by law prior to the effective date of this act;

(3) For each percent of the next thirty percent (30%) of disability, one hundred twenty percent (120%) of the number of weeks of compensation provided by law prior to the effective date of this act; and

(4) For each remaining percent of disability, the identical number of weeks of compensation provided by law prior to the effective date of this act.

¶ 5 Section 172 provides for Fund's liability where an employee, who is a "physically impaired person", receives a subsequent injury, which, in combination with the prior disabilities, causes a degree of disability *materially greater* than that which would have resulted from the subsequent injury alone. Section 172 further provides, in part:

... If such combined disabilities constitute partial permanent disability as now defined by the Workers' Compensation Act of this state, then such employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from such subsequent injury, and in addition thereto such employee shall receive full compensation for his combined disability as above defined, after deducting therefrom the percent of that disability that constituted the employee a "physically impaired person," as defined herein, all of which shall be computed upon the schedule and provision of the Workers' Compensation Act of this state. Provided the employer shall be liable only for the degree of percent of disability which would have resulted from the latter injury if there had been no preexisting impairment.

¶ 6 Claimant, relying on the phrase in § 172—"shall receive full compensation for his combined disability"—argues Fund's liability should be calculated by first determining the number of weeks of compensation to which she would be entitled for the *combined* disability of 45.74% to the body as a whole. Under Claimant's calculation, this would bring her within § 22(3)(b)(3), and 25.74% of the combined disability of 45.74% would be computed at 120% of the number of weeks of compensation provided by law prior to the 1993 amendment. Using § 22(3)(b) to determine weeks of compensation from percentage of disability, Claimant then subtracts the number of weeks of compensation for the disability constituting her a physically impaired person and the number of weeks for which the employer is liable under § 172 for the "subsequent injury".

¶ 7 We are unpersuaded by Claimant's argument. Section 172 does provide that where the section pertains, the employee shall receive compensation on the basis of such combined disabilities. However, § 172 also provides that the employer "shall be liable only for the *percent* of disability which would have resulted from the latter injury if there had been no preexisting impairment." (Emphasis added). Further, the "employee shall receive full compensation for his combined disability ..., after deducting therefrom the *percent* of that disability that constituted the employee a 'physically impaired person', ..." (Emphasis added). Therefore, Fund's liability is first determined under § 172 in terms of percentage. The weeks of compensation are then determined by refer-

ring to the appropriate subsection or subsections of § 22(3)(b) that correspond to the percent of Fund's liability.

¶ 8 Claimant asserts compensation due from Fund is not based on the percentage of material increase, and argues the degree of increase does not matter once it is determined the degree of disability caused by a combination of previous and subsequent injuries is greater than the disability caused by the last injury alone. We do not agree. Fund's liability is purely derivative from the previously adjudicated obligation of the employer and Fund is responsible *only* for the amount of material difference in disability due to the combination of disabilities. *Special Indemnity Fund v. Baker*, 1995 OK CIV APP 74, 900 P.2d 465. Fund's liability *supplements* the employer's liability and "the employee receives full compensation to which he is entitled." *Cameron & Henderson v. Franks*, 199 Okla. 143, 184 P.2d 965 (1947).

¶ 9 Claimant's formulation would increase Fund's liability by "stacking" its obligation on that of Claimant's employer and the disabilities which made Claimant a physically impaired person. While the case was not in a Special Indemnity Fund context, the Court of Appeals found similar stacking to be improper under § 22(3)(b) in *Miller v. American Airlines*, 1996 OK CIV APP 15, 917 P.2d 479. In *Miller*, a claimant seeking compensation from her employer was adjudicated at 8% permanent partial disability and had a previous 22% permanent partial disability. She argued the 8% was therefore not within her "first" 9% under § 22(3)(b), but was actually within the third range of 21–50%.

¶ 10 Although not directly on point, we find *Miller* an appropriate analog. Claimant had already been compensated for the previous disabilities, and was compensated for her latest disability by her employer. Both are components of the combined disability which determines if Fund is liable, but both are wholly separate obligations. Fund's compensation supplements the others to ensure Claimant is fully compensated, but Fund is not liable for the entire combined disability, only the material increase. Accordingly, we hold that the 5% material increase comes within the first 9% of disability *for which Fund is liable* under § 22(3)(b)(1).

¶ 11 Claimant comes within the unscheduled "other cases" class of disabilities under § 22(3), which was in effect prior to the 1993 amendment, and provides:

> . . . The compensation ordered paid shall be seventy percent (70%) of the employee's average weekly wage for the number of weeks which the partial disability of the employee bears to five hundred (500) weeks.

¶ 12 In simpler terms, before the amendment, each 1% of permanent partial disability entitled the employee to 5 weeks compensation. The 5% material increase would have entitled Claimant to 25 weeks of compensation. In accordance with § 22(3)(b)(1), Claimant is to receive compensation for 80% of the number of weeks provided by law prior to the September 1, 1993, amendment. Eighty percent of 25 weeks is 20 weeks, the number of weeks ordered by the Workers' Compensation Court. The Workers' Compensation Court ordered the correct number of weeks.

The order of the Workers' Compensation Court is SUSTAINED.

JOPLIN and BUETTNER, JJ., concur.