1997 OK CIV APP 73

**SPECIAL INDEMNITY FUND, Petitioner,**

v.

**Albert Joe JONES and the Workers' Compensation Court, Respondents.**

No. 89557.

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 21, 1997.

Georgiana Peterson, Henry A. Meyer, III, Oklahoma City, for Petitioner.

Gus Farrar, Tulsa, for Respondents.

*OPINION*

HANSEN, Presiding Judge:

¶1 Petitioner, Special Indemnity Fund (Fund), seeks review of a Workers' Compensation Court's order holding Fund liable for permanent partial disability compensation payments to Respondent, Albert Jones (Claimant). The facts are not in contention, nor is Fund's liability for *some* amount of compensation. The sole issue before this Court is the number of weeks for which compensation is to be paid in accordance with 85 O.S.Supp.1994 §§ 22(3)(b) and 172(A).

¶2 The trial court found that at the time of his latest compensable injury, Claimant was a previously physically impaired person by reason of a May 28, 1993, injury which resulted in 27% permanent partial disability to the body as a whole. The trial court further found Claimant sustained 22% permanent partial disability as a result of his latest injury, and that as a result of the combination of the foregoing injuries, there was a 15% material increase in disability. With the total permanent partial disability of 64% to the body as a whole, the trial court found Fund was liable for 66 weeks compensation. The trial court did not specify how the term of weeks was calculated.

¶3 Claimant appealed the trial court's order to a three judge panel of the Workers' Compensation Court. The three judge panel, with one dissent, modified the trial court's

order, as relevant here, to direct that Fund pay 105 weeks compensation. Fund seeks review here of the order as modified.

¶ 4 The facts, law and arguments presented in this matter are substantially the same as those in *Alhjouj v. Special Indemnity Fund*, Appeal No. 88,454 (cert. denied), which the Court of Civil Appeals handed down on June 3, 1997. [947 P.2d 1117]. Both parties discuss *Alhjouj* in their briefs. While we recognize that decision is not final and cannot control here, we reaffirm the reasoning set forth therein. That reasoning, which we will not restate in the interest of judicial economy, leads us to conclude the three judge panel erred when it recalculated the number of weeks Fund was to pay compensation.

¶ 5 Under § 172, Fund was liable only for the 15% material increase resulting from the combination of injuries and disabilities. Pursuant to § 22(3)(b)(1), Claimant is entitled to 36 weeks compensation for the first 9% of disability for which Fund was liable. Pursuant to § 22(3)(b)(2), Claimant is entitled to 30 weeks compensation for the remaining 6%. The total number of weeks then equals 66, the number ordered by the trial court and erroneously modified by the three judge panel. The Workers' Compensation Court's order is therefore VACATED and this matter is REMANDED to the Workers' Compensation Court for further proceedings consistent with this opinion.

VACATED AND REMANDED.

JOPLIN and BUETTNER, JJ., concur.