**Gwendolyn R. PEOPLES, Petitioner,**

**v.**

**OKLAHOMA MEDICAL RESEARCH FOUNDATION, Federal Insurance Company, and Workers' Compensation Court, Respondents.**

**No. 82437.**

Court of Appeals of Oklahoma,
Division No. 2.

June 28, 1994.

Richard A. Bell, Norman, for petitioner.

Paul F. Fernald, Keller, Fernald & Keller, Oklahoma City, for respondents.

*SUMMARY OPINION*

REIF, Judge.

Claimant seeks review of the three-judge panel's order that affirmed the trial court's determination of a change of condition for the worse in Claimant's hands. Claimant challenges the trial court's combining of disability in her right hand with disability in her left hand and entering the change of condition award based on disability to the body as a whole.

Claimant did not object to the combining of disability in both hands when the trial court and three-judge panel made the original award, but contends such combination should not be done for purposes of determining the change of condition award. Claimant points out that the court determined that she had increased disability in her left hand *only* and that she should be compensated for the change of condition in this hand alone. If the award is based on the change in the left hand alone, Claimant would be entitled to 20 weeks of compensation, while an award based on combining the disability to both hands is 10 weeks of compensation.[1]

1. The original award entered by the three-judge panel reflected 15 percent permanent partial disability to the right hand and 17 percent permanent partial disability to the left hand which was combined into 16 percent permanent partial disability to the body as a whole. The change of condition award reflects 15 percent permanent partial disability to the right hand being an increase of 0 percent, and 27 percent permanent partial disability to the left hand being an increase of 10 percent that, in combination, resulted in 18 percent permanent partial disability to the body as a whole. This was a 2 percent increase over the original award. A 2 percent increase in permanent partial the body as a whole is 2 percent of 500 weeks, or 10 weeks. A

Combining of disability to two or more major members into disability to the body as a whole is a *permissive,* alternative method to determine an injured worker's entitlement to compensation. *See Stoldt Builders, Inc. v. Thomas,* 393 P.2d 875 (Okla. 1964). It is properly utilized in cases where it is medically determined that the cumulative effect of the individual, multiple injuries impacts whole body disability. The reason for this is obvious: Whole body disability generally involves a greater physical and economic detriment to a worker than the individual injuries and disabilities to specific members. A worker is accordingly compensated for this greater detriment that is incurred. Stated another way, it is a method of determining disability that is recognized for the benefit of the injured worker to completely compensate him for the full extent of his disability. It should be employed in those cases where it results in such benefit to an injured worker and never to his detriment. In cases such as the instant one, where the greater physical and economic detriment is reflected in the disability to the individual members, the injured worker should be compensated on that basis.

In the instant case, the trial court and three-judge panel erred as a matter of law in combining the disabilities to both hands, because that method did not completely compensate Claimant for the full extent of her disability. Accordingly, the award as affirmed by the three-judge panel is vacated with instructions on remand to enter an award to Claimant based on a change of condition for the worse to Claimant's left hand only.

VACATED AND REMANDED WITH INSTRUCTIONS.

BOUDREAU, P.J., and RAPP, J., concur.

10 percent increase in permanent partial disability to the hand is 10 percent of 200 weeks, or 20 weeks.