Ethel MILLER, Petitioner,

v.

**AMERICAN AIRLINES and National Union Fire Insurance, Respondents.**

No. 86212.

Court of Appeals of Oklahoma, Division 4.

March 12, 1996.

Certiorari Denied May 8, 1996.

Kathryn Burgy, J.L. Franks, Frasier, Frasier & Hickman, Tulsa, Oklahoma, for Petitioner.

Pat A. Padgett, Whitten, Layman, MacKenzie, Padgett and Whitten, Tulsa, Oklahoma, for Respondents.

REIF, Judge.

The sole issue presented by Claimant on review is whether the trial court and three-judge panel properly applied the graduated disability scale under 85 O.S.Supp.1995 § 22(3)(b) in awarding compensation for 8% permanent partial disability to Claimant's body as a whole. The scale provides a differing basis of compensation for four ranges of disability: 0–9%; 10–20%; 21–50%; and 51–100%. The trial court and three-judge panel held that the 8% disability rating should be considered by itself in determining where on

the scale it falls and the basis of compensation to be awarded.

■ Claimant challenges this determination on the strength of the statutory language that divides the scale in terms of the "first" 9% of disability, the "next" 11% of disability, the "next" 30% of disability, and "remaining" disability. Her argument seems to envision the scale as a type of vertical yardstick, against which successive impairments should be stacked, much like a totem pole, to determine where on the scale they fall. Citing the fact that she has a prior adjudication of 22% permanent partial whole-person disability, Claimant contends that the 8% in the instant case is not her "first" 9%, but is actually within the third range of 21–50%.

■ The language of section 22(3)(b) is plain and unambiguous and, therefore, its provisions must be accorded the meaning expressed by the language employed. *Oklahoma Journal Pub. Co. v. City of Oklahoma City,* 620 P.2d 452 (Okla.Ct.App.1979). By its express terms, section 22(3)(b) applies *only* to injuries after the effective date of the act and directs that the number of weeks of compensation for permanent partial disability due to such injuries shall be computed on the basis of the percentage of disability attributable to such injuries. Nothing in the statute suggests that any other injury or disability is to be considered in making the computation of the number of weeks of compensation. Accordingly, we reject Claimant's challenge and sustain the award as affirmed by the three-judge panel.

SUSTAINED.

TAYLOR, P.J., and RAPP, C.J., concur.