**Jack STICE, Petitioner,**

v.

**McDonnell DOUGLAS, Industrial Indemnity, and The Workers' Compensation Court, Respondents.**

**No. 87639.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 28, 1997.

J.L. Franks, Kathryn Burgy, Frasier, Frasier & Hickman, Tulsa, for Petitioner.

Wilson T. White, Michael W. McGivern, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, for Respondents.

### *MEMORANDUM OPINION*

GARRETT, Judge:

Petitioner, Jack Stice (Claimant), filed his Form 3 in the Workers' Compensation Court on January 10, 1994, alleging he sustained an accidental injury arising out of and in the course of his employment with Respondent, McDonnell Douglas (Employer). He alleged a cumulative trauma injury to both shoulders and both elbows due to the continuous and repetitive use of his arms, causing pain in his shoulders and elbows. The last date of exposure was shown as December 1, 1993.

On March 1, 1995, the trial court entered an order, awarding Claimant permanent partial disability (PPD) for cumulative trauma injury as follows: 4% PPD to the neck, over and above a pre-existing 0% impairment to the neck, 2% PPD to the right shoulder, over and above a pre-existing 4% impairment to

the right shoulder; for a total of 6% to the body as a whole, 1% PPD to the right arm, and 1% PPD to the left arm. The issue of injury to the left shoulder was reserved for future hearing.

On June 9, 1995, Claimant filed a Form 9, seeking PPD benefits. On January 26, 1996, an order was entered in which the trial court awarded Claimant 6% PPD to the body as a whole for injury to the left shoulder as a result of the December 1, 1993 injury. On February 5, 1996, Claimant filed his Notice of Intent and Assignment of Error in the Workers' Compensation Court. He alleged the trial court erred in its January 26, 1996 order in its finding that he was entitled to compensation for 24 weeks at $205.00 per week. He alleged the order was against the clear weight of the evidence and contrary to law because the trial court invoked the provisions of 85 O.S. § 22(3)(b) and deducted from his 6% disability 20% of the number of weeks to which he was entitled. He alleged the 20% had already been deducted from the first award of 8% PPD. He alleged further:

85 O.S. § 22(3)(b) provides injured employees shall receive compensation for each percent of the *first* 9% of disability, 80% of the number of weeks of compensation provided by law, and that for each percent of the *next* 11% of disability, the identical number of weeks of compensation provided by law. Section 22(3)(b) was applied to the first 8% of this Claimant's disability and therefore only one more percent of this Claimant's disability shall be reduced by 20% and the next 11% shall be paid for the total number of weeks provided by law. Based on the foregoing, Paragraph Three (3) of the Order of the Trial court is against the clear weight of evidence and is contrary to law.

On May 29, 1996, an order of a three judge panel of the Court *En Banc was* filed. The panel found the order was not against the clear weight of the evidence or contrary to law and affirmed the trial court. This review proceeding followed.

Claimant contends, as grounds for reversal, that § 22(3)(b) should be construed in such a way that only his first 9% of impairment should be reduced by 20% of the weeks

of compensation to which Claimant would otherwise be entitled. An examination of the language of § 22(3) persuades us that, in this case, Claimant is correct. Section 22(3)(b) provides:

(b) With respect to **injuries** occurring after the effective date of this act, in case of disability, partial in character but permanent in quality, the compensation shall be paid to the employee for the period prescribed by the following schedule:

(1) For each percent of the first nine percent (9%) of disability, eighty percent (80%) of the number of weeks of compensation provided by law prior to the effective date of this act;

(2) For each percent of the next eleven percent (11%) of disability, the identical number of weeks of compensation provided by law prior to the effective date of this act;

(3) For each percent of the next thirty percent (30%) of disability, one hundred twenty percent (120%) of the number of weeks of compensation provided by law prior to the effective date of this act; and

(4) For each remaining percent of disability, the identical number of weeks of compensation provided by law prior to the effective date of this act. (Emphasis added).

■ The left shoulder injury was part of Claimant's cumulative trauma injury of December 1, 1993. It was specifically reserved by the trial court in its order of March 1, 1995. Claimant's Form 3 specifically mentions both shoulders as injured body parts. Therefore, Claimant is not attempting to raise the issue of a new injury for the first time. We acknowledge Oklahoma law which provides that injuries which are not reserved are deemed at issue when the case is heard. See *Frair v. Sirloin Stockade, Inc.,* 635 P.2d 597 (Okl.1981); *Brown v. OXY USA, Inc.,* 854 P.2d 378 (Okl.App.1993). However, the Court specifically reserved the ruling for future hearing. As such, the total percentage of permanent disability *attributable to the injury of December 1, 1993,* had not been adjudicated. Considering the total percentage of disability for one injury does not, as

Employer contends, amount to an improper "stacking" of orders.

Employer's citation to *Miller v. American Airlines,* 917 P.2d 479 (Okl.App.1996) (Cert Denied 1996), is distinguishable from the instant case. *Miller* is silent as to the distinguishing fact herein, i.e., that the second adjudication was part of the same injury and was an issue *specifically reserved in a prior order.* The opinion says only that the claimant had a "prior adjudication of 22%".

 Shoulder injuries fall within the "other cases" provision of § 22(3) for determining the number of weeks of partial disability allowed to a claimant. *Lee Way Motor Freight, Inc. v. Highfill,* 429 P.2d 745 (Okl.1967): *Brown v. OXY, USA, Inc.,* supra. It provides the claimant will receive 70% of the average weekly wage "for the number of weeks which the partial disability of the employee bears to five hundred (500) weeks." It is clear the trial court determined a 6% disability is 30 weeks, which reduced by 80%, is 24 weeks, the figure used in the order. We hold the court erred in failing to consider the 6% PPD left shoulder adjudication as part of the December 1, 1993 injury. As to the 6% PPD left shoulder injury, the court should have calculated Claimant's number of weeks at 80% for only the first 1% disability, with no reduction for the remaining 5% PPD.

The order of the three judge panel affirming the trial court's order is vacated, and this case is remanded for further proceedings consistent with the views expressed herein.

VACATED AND REMANDED.

JONES, P.J., and JOPLIN, J., concur.