1998 OK CIV APP 78

**J.R. McCARTER, Petitioner,**

v.

**RAINBO BAKING COMPANY, CIGNA Insurance Company, and the Workers' Compensation Court, Respondents.**

No. 90005.

Court of Civil Appeals of Oklahoma, Division No. 4.

Feb. 10, 1998.

Certiorari Denied June 3, 1998.

Kathryn Burgy, J.L. Franks Frasier, Frasier & Hickman, Tulsa, for Petitioner.

Louis G. Buchanan, Oklahoma City, for Respondents.

*OPINION*

STUBBLEFIELD, Presiding Judge.

¶1 Claimant seeks review of orders of the Workers' Compensation Court three-judge panel affirming the trial court's judgments setting compensation pursuant to 85 O.S. Supp.1996 § 22(3)(b). After a review of the record on appeal and applicable law, we reverse.

---

¶2 Claimant J.R. McCarter filed three separate Form 3s claiming cumulative trauma injury resulting from his employment with Rainbo Baking Company—(1) injuries to his neck and shoulders; (2) injury to his "low back"; and (3) injury to his right hand. Claimant listed the last date of exposure on all three claims as June 22, 1995. Employer responded by challenging Claimant's assertion that he had sustained a work-related injury.

¶3 The trial court entered an order consolidating all three claims, and they were heard in one hearing. The trial court found that Claimant had sustained a work-related injury as to each claim and entered a separate order relative to each. In Court Number 95–15819Y, it found that Claimant had sustained cumulative trauma to his right hand and awarded compensation for *eleven percent* permanent partial disability (PPD). In Court Number 95–15178X, the trial court found that Claimant had sustained cumulative trauma to his neck, right shoulder and left shoulder resulting in *seven percent PPD* to the body as a whole due to the right shoulder injury but with no disability regarding the neck or left shoulder. In Court Number 95–15179A, the trial court found that Claimant had sustained cumulative trauma to his back and awarded compensation for *seven percent PPD* to the body as a whole for that injury. The trial court then applied 85 O.S. Supp.1996 § 22(3)(b)(1), in setting compensation for the adjudicated PPD to Claimant's shoulder and back and section 22(3)(b)(1) and (2) in setting compensation for PPD to his right hand.

¶4 Both Employer and Claimant appealed to a three-judge panel. Claimant asserted that the trial court incorrectly applied section 22(3)(b) in calculating compensation, and Employer asserted that Claimant's injuries did not arise out of and during the course of his employment. The three-judge panel affirmed each of the orders. Claimant appeals.

¶5 The material facts of this case are not in dispute, and the sole issue is whether the trial court properly applied the appropriate law to the facts. The court in *Oklahoma Petroleum Workers' Compensation Association v. Mid–Continent Casualty Co.,* 1994 OK CIV APP 107, ¶5, 887 P.2d 335, 337, established that where there are no disputed facts, a question of law is presented. It is well established that defining the law is the role of the appellate court; thus, "it independently reviews questions of law." *Id.* Factual determinations by the Workers' Compensation Court are not reviewed independently if supported by any competent evidence, but conclusions of law made thereunder are reviewable by the appellate court. *Loggins v. Wetumka Gen. Hosp.,* 1978 OK 150, ¶11, 587 P.2d 455, 457.

¶6 Claimant proposes that the trial court erred in its application of the provisions of 85 O.S. Supp.1996 § 22(3)(b), in determining the number of weeks of compensation to which he was entitled. He maintains that he sustained cumulative trauma injury and PPD to three separate body parts—his right shoulder, back and right hand—with the same date of last exposure for each injured body part. He then asserts that the trial court erred in applying the provisions of section 22(3)(b)(1) as though each of his injured body parts was a separate injury, with the result being a substantial reduction in the number of weeks of compensation to which he was entitled based on the totality of his PPD.

¶7 Contending that Claimant sustained three separate injuries, Employer points to Claimant's having filed three *separate* claims for three *separate* injuries—which were merely consolidated for judicial economy—and to the fact that the trial court entered three *separate* orders. In such a circumstance, Employer claims, the trial court properly applied section 22(3)(b)(1) as to each determination of PPD.[1] It asserts that "[t]he legislature additionally intended that [section 22(3)(b) ] would be applied to each

---

1. We find without merit Employer's proposition that Claimant waived any appeal because he did not ask the trial court to stack all of the awards of injuries together before applying the statutory formula. Application of correct law is the province of the court, and a party need not urge the correct law to preserve the issue for appeal.

injury, rather than adding up all of the claimant's injuries and then applying the formula."

¶ 8 Our analysis of the provisions of section 22(3)(b) convinces us that Claimant is correct. That section provides:

With respect to injuries occurring after [November 4, 1994], in case of disability, partial in character but permanent in quality, the compensation shall be seventy percent (70%) of the employee's average weekly wages, and shall be paid to the employee for the period prescribed by the following schedule:

(1) For each percent of the first nine percent (9%) of disability, eighty percent (80%) of the number of weeks of compensation provided by law prior to [November 4, 1994];

(2) For each percent of the next eleven percent (11%) of disability, the identical number of weeks of compensation provided by law prior to [November 4, 1994];

(3) For each percent of the next thirty percent (30%) of disability, one hundred twenty percent (120%) of the number of weeks of compensation provided by law prior to [November 4, 1994]; and

(4) For each remaining percent of disability, the identical number of weeks of compensation provided by law prior to [November 4, 1994]. (Footnotes omitted.)

¶ 9 Under 85 O.S. Supp.1996 § 22(3)(a),[2] Claimant would have been entitled to (1) twenty-two weeks compensation for eleven percent PPD to his right hand; (2) thirty-five weeks for seven percent PPD to his right shoulder; and (3) thirty-five weeks for seven percent PPD to his back. However, applying subsection 22(3)(b)(1) and (2), with regard to Claimant's injury to his hand, the trial court awarded PPD compensation for 18.4 weeks— [ (200 weeks × 9% × 80%) + (200 weeks × 2% × 100%) ]. Then, without regard to other adjudicated PPD for other injured body parts, the trial court applied section 22(3)(b)(1) to the seven percent PPD of the right shoulder and awarded only twenty-eight weeks—(500 weeks × 7% × 80% = 28), and to the seven percent award for low back injury also reducing that thirty-five week entitlement to twenty-eight weeks. We find the application of section 22(3)(b)(1) to each of the injured body parts without regard to PPD due to other injuries that occurred from the same activities and accrued on the same date to be error.

¶ 10 The facts herein are analogous to those presented in *Stice v. McDonnell Douglas*, 1997 OK CIV APP 11, 935 P.2d 1195. In *Stice*, the claimant had sustained cumulative trauma and resultant PPD to his neck, left shoulder and right shoulder in addition to PPD to each of his arms. There were two separate orders entered in *Stice*. The first order awarded compensation for six percent PPD of the body as a whole as a result to cumulative trauma to his neck and right shoulder and one percent for each arm. The second order was entered—after deferred hearing—in which the claimant was awarded compensation for six percent PPD to the body as a whole due to injury to his left shoulder. In that second order, the trial court applied section 22(3)(b)(1) without regard to the previously adjudicated six percent PPD.[3] The *Stice* court concluded:

It is clear the trial court determined a 6% disability is 30 weeks, which reduced [to] 80%, is 24 weeks, the figure used in the order. *We hold the court erred in failing to consider the 6% PPD left shoulder adjudication as a part of the December 1, 1993 injury.* As to the 6% PPD of the left shoulder injury, the court should have calculated [the claimant's] number of weeks at 80% for only the first 1% disability, with no reduction of the remaining 5% PPD.

*Id.* at ¶ 14, 935 P.2d at 1197 (emphasis added).[4]

---

2. 85 O.S.1991 § 22(3), amended by Laws 1992, ch. 294, § 7, eff. Sept. 1, 1992; Laws 1993, ch. 349, § 10, eff. Sept. 1, 1993; Laws 1994, 2d Ex.Sess., ch. 1, § 28, emerg. eff. Nov. 4, 1994. Section 22(3)(b) was not changed when the section was amended by Laws 1997, ch. 361, ¶ 9, eff. Nov, 1, 1997.

3. A three-judge panel had affirmed the trial court's order in *Stice*, as was done herein.

4. In reaching this conclusion, it is obvious that the *Stice* court added the two percent PPD attributable to the hands to the six percent PPD to the body as whole for a total of eight percent PPD.

¶ 11 Employer contends that the trial court herein correctly treated each injury separately because, based on the awareness doctrine, they were sustained at different times. However, where Claimant continued to work for Employer and continued to be exposed—until June 22, 1995—to the injury-causing tasks that resulted in cumulative trauma, his claims of cumulative trauma to each body part and rights under the workers' compensation laws accrued on June 22, 1995. The *Stice* court's ruling required that technically different awards for injury to different body parts, all of which resulted from cumulative trauma and accrued on the same date, must be considered as one overall injury for application of section 22(3)(b).

¶ 12 Herein, the lower court's application of section 22(3)(b) is an identical application as was made by the lower court in *Stice*. That application conflicts with the obvious legislative purpose of these new laws. These statutes, as part of the ever-continuing efforts of the legislature to balance workers' compensation costs to employer with benefits to employee, obviously reflects an intent to lessen compensation for less disabling injuries, while raising compensation for more disabling injuries. However, the treatment of each injured body part separately, although each resulted from cumulative trauma and accrued on the same date, makes no allowance for the overall severity of the resultant disability of the claimant. Thus, a substantially disabled employee is treated as though his disability were minor. The *Stice* holding dictates that such application of section 22(3)(b) was error.

¶ 13 There is one singular difference between this case and *Stice*. The claimant in *Stice* filed a single Form 3, claiming injury to five body parts resulting from cumulative trauma, while Claimant herein filed three separate Form 3s, claiming injury to three body parts resulting from cumulative trauma. However, as in *Stice*, Claimant herein listed the same last date of exposure regarding each injury. Additionally, there was but a single hearing, Employer presented a single medical report relative to all claimed injuries, and there is single trial court record and record on appeal.

¶ 14 It is apparent that Claimant could have filed a claim for compensation of these injuries by way of one Form 3, as did the claimant in *Stice*. We simply cannot conclude that the manner in which a claimant chooses to bring a multiple-injury claim, for injuries sustained on the same day and from the same activities, dictates the applicability of the statute. We conclude that because the injuries were all cumulative trauma injuries, with the same date of last exposure, the trial court should have considered the orders together in calculating benefits under section 22(3)(b). Thus, subsections 22(3)(b)(1); (2); and (3) are applicable in determining the PPD compensation as to injury of three different body parts: The first nine percent compensation payable, pursuant to section 22(3)(b)(1) at eighty percent of that provided by section 22(3)(a); the next eleven percent compensation payable, pursuant to section 22(3)(b)(2), as provided by section 22(3)(a); and, the next six percent payable, pursuant to section 22(3)(b)(3), at 120 percent.[5]

¶ 15 The orders of the three-judge panel affirming the trial court's orders are reversed, and the cause is remanded to the trial court with instructions to enter an award consistent with the holding of this court.

¶ 16 REVERSED AND REMANDED WITH INSTRUCTIONS.

REIF and RAPP, JJ., concur.

---

5. Right hand, [ (200 weeks × 9% × 80%) + (200 weeks × 2%) ]; right shoulder, (500 weeks × 7%); low back, [ (500 weeks × 2%) + (500 weeks × 5% × 120%) ].