1998 OK CIV APP 74

**Charles O. SHARITT, Petitioner,**

v.

**AMERICAN AIRLINES, National Union Fire Insurance, and The Workers' Compensation Court, Respondents.**

**No. 90099.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 24, 1998.

Kathryn Burgy, Tulsa, for Petitioner,

Michael W. McGivern, Kelly M. Greenough, Tulsa, for Respondents.

## OPINION

HANSEN, Judge.

¶1 Petitioner, Charles Sharitt (Claimant), seeks review of a Workers' Compensation Court order awarding him benefits against Respondent, American Airlines (Employer). Claimant asserts error of the court in calculating his benefits.

¶2 As his sole allegation of error, Claimant contends the Workers' Compensation Court erred, as a matter of law, in calculating the number of weeks of compensation for which Employer was liable. The facts are not in controversy, nor are the court's findings as to the rate of compensation or various percentages of disability attributed to his left and right hand injuries. The controversy involves the court's application of the relevant statute to those facts and findings.

¶3 In its order, the court, among other things, found Claimant had [1] on April 9, 1997, sustained compensable accidental personal injuries due to cumulative trauma to his right and left hands, and [2] sustained 20% permanent partial disability to his right hand, and 15% permanent partial disability to his left hand, by reason of the injuries on April 9, 1997. The court, without specifying how the period was determined, ordered Employer to pay compensation to Claimant for a period of 62.8 weeks. Claimant seeks review of that order.

¶4 Specifically, Claimant contends the Workers' Compensation Court erred in applying 85 O.S.Supp.1997 §§ 22(3)(b) separately to each hand when the impairment to both arose out of the same injury producing accident. Section 22(3)(b), which prescribes the amount of compensation to be paid a disabled worker, provides:

(b) With respect to injuries occurring after November 4, 1994, in case of disability, partial in character but permanent in quality, the compensation shall be seventy percent (70%) of the employee's average weekly wages, and shall be paid to the employee for the period prescribed by the following schedule:

(1) For each percent of the first nine percent (9%) of disability, eighty percent (80%) of the number of weeks of compensation provided by law prior to November 4, 1994;

(2) For each percent of the next eleven percent (11%) of disability, the identical number of weeks of compensation provided by law prior to November 4, 1994;

(3) For each percent of the next thirty percent (30%) of disability, one hundred twenty percent (120%) of the number of weeks of compensation provided by law prior to November 4, 1994; and

(4) For each remaining percent of disability, the identical number of weeks of compensation provided by law prior to November 4, 1994.

¶5 While the record does not express how the court calculated the number of weeks for which Employer would be liable, it seems apparent, and Employer does not argue otherwise, the court did apply § 22(3)(b)(1) separately to each of the adjudicated hand injuries. That is, for the first 9% of each of the two disability ratings, the number of weeks of compensation was limited to 80% of that provided by law prior to November 4, 1994. This formulation results in 62.8 weeks as ordered by the court.

¶6 Claimant asserts the proper method of calculating the number of weeks of compensation under § 22(3)(b) is to use the *total* percentage of disability arising from the *same accident.* In this case the total from the injuries to Claimant's hands would be 35%. Applying § 22(3)(b) to that percentage would result in an award of 72.4 weeks of compensation. We find merit in Claimant's assertion.

¶7 Injuries caused by cumulative trauma, as well as those caused by a single event, are *accidental injuries* for purposes of a Workers' Compensation claim. *TRW/Reda Pump v. Brewington,* 1992 OK 31, 829 P.2d 15. *Cumulative trauma* is defined at 85 O.S.Supp.1997 § 3(4) as an injury resulting from employment activities which are repetitive in nature and engaged in over a period of time. In the matter now before us, the Workers' Compensation Court, considering

the same evidence for both claimed hand injuries, determined Claimant sustained cumulative trauma injuries to each hand, with the same date of accident. Under these circumstances, we find the injuries occurred from the same accident.

¶ 8 The Court of Civil Appeals reached a similar conclusion in *Stice v. McDonnell Douglas,* 1997 OK CIV APP 11, 935 P.2d 1195. There, the Workers' Compensation Court awarded permanent partial disability compensation for cumulative trauma injuries to the claimant's neck, right shoulder and both arms, but reserved the issue of the left shoulder. When subsequently awarding compensation for 6% disability to the left shoulder, the Workers' Compensation Court limited the weeks of compensation to the 80% prescribed in § 22(3)(b)(1). The Court of Civil Appeals vacated, finding the left shoulder disability was attributable to the same injury as the disabilities previously adjudicated, and holding § 22(3)(b) should be applied to total percentage of disability from one injury.

¶ 9 We would differ with *Stice* only in nomenclature, believing *accident* more accurately describes the causal event from which the disabling *injuries* arise. We find the reasoning in *Stice* persuasive. The *Stice* Court distinguishes *Miller v. American Airlines,* 1996 OK CIV APP 15, 917 P.2d 479, in which the Court of Civil Appeals held a "previous adjudication" could not be "stacked" with the disability before the court to determine where on the § 22(3)(b) scale they fall. The *Stice* Court noted that in *Miller* there was no evidence the two adjudications arose from the same injury, or accident, as was the case in *Stice,* and as is the case here.

¶ 10 For substantially the same reason, we likewise distinguish the Court of Civil Appeals holding in *Alhjouj v. Special Indemnity Fund,* 1997 OK CIV APP 68, 947 P.2d 1117. In *Alhjouj,* the Court of Civil Appeals held the Special Indemnity Fund's liability for material increase in disability could not be stacked, for purpose of increasing benefits under § 22(3)(b), with the disabilities which made the claimant a physically impaired person and the subsequent disabilities for which

claimant's employer was liable. The *Alhjouj* Court found the latter two disabilities to be "wholly separate obligations" from that of the Special Indemnity Fund, and that the claimant had been previously compensated for those disabilities. Here, both hand disabilities derived from the *same* accident and Employer is liable for *both.*

¶ 11 The Workers' Compensation Act is to be liberally construed in favor of the workers it is intended to benefit. *Garrison v. Bechtel Corporation,* 1995 OK 2, 889 P.2d 273. Further, where possible, we will not allow a statute to be construed so as to have discriminatory consequences. *Cox v. Dawson,* 1996 OK 11, 911 P.2d 272.

¶ 12 The construction given § 22(3)(b) by the Workers' Compensation Court has discriminatory consequences in the case of Claimant, and others where the court has not combined disabilities to *scheduled* members into disability to the body as a whole. Section 22 sets forth the exclusive schedule of compensation for disability claims under the Workers' Compensation Act. As to permanent partial disability, § 22 specifies scheduled members for which the number of weeks of compensation is established by statute, and there are "other cases", or unscheduled disabilities which must be determined in accordance with the American Medical Association's Guides to Evaluation of Permanent Impairment.

¶ 13 Combining of scheduled disabilities into disability to the body as a whole is *permissive* only. *Peoples v. Oklahoma Medical Research Foundation,* 1994 OK CIV APP 101, 879 P.2d 843. Multiple disabilities to scheduled members may be compensated on the basis of their cumulative effect upon the total disability to the body as a whole, if there is competent medical evidence to show such disability. *Stoldt Builders, Inc. v. Thomas,* 1964 OK ——, 393 P.2d 875. However, where there are two or more "other cases" impairments, the value of each impairment is determined separately, but the values must be then combined to be expressed as impairment of the whole person. *Mercury Marine v. Lumpkin,* 1994 OK CIV APP 164, 887 P.2d 1388.

¶14 The foregoing rules for determining degree of disability would result in discriminate treatment under § 22(3)(b) for claimants such as the Claimant here. The Workers' Compensation Court, as it was within its discretion to do, determined the degree of Claimant's disability to each hand separately. Whereas, if Claimant had sustained the same type of cumulative trauma injuries and degree of disability to his shoulders, which are deemed "other cases" impairments, the trial court would been required to determine impairment to the whole person by use of the Combined Values Chart contained in the AMA Guides.

¶15 The calculation used by the Workers' Compensation Court applied the 80% limit in § 22(3)(b)(1) *twice*, that is, to the first 9% of disability for each hand. If the multiple impairments had been "other cases", there would have been only *one* determination of impairment to the whole person, and thus only one 80% limitation for the first 9% of disability. Also, the claimant with uncombined scheduled disabilities would be deprived of the enhanced 120% factor found in § 22(3)(b)(3). We can discern no reason why the Legislature would have intended such an inequitable result.

¶16 Accordingly, we hold the Workers' Compensation Court erred, in calculating the number of weeks of compensation to which Claimant was entitled, by failing to use the *total* impairment from both adjudicated disabilities.

¶17 The order of the Workers' Compensation Court is VACATED and this matter is REMANDED to the Workers' Compensation Court for further proceedings consistent with this opinion.

VACATED AND REMANDED.

JONES, V.C.J., and BUETTNER, P.J., concur.