1999 OK CIV APP 105

**Phyllis J. RICHARDSON, Petitioner,**

v.

**BARTLETT COLLINS CO., and the Workers' Compensation Court, Respondents.**

**No. 92,235.**

Court of Civil Appeals of Oklahoma, Division No. 2.

May 11, 1999.

Certiorari Denied Sept. 14, 1999.

John L. Harlan, John L. Harlan & Associates, P.C., Sapulpa, Oklahoma, For Petitioner.

Kristin Blue Fisher, Victor R. Seagle, Feldman, Franden, Woodard & Farris, Tulsa, Oklahoma, For Respondents.

BOUDREAU, V.C.J.

¶1 Claimant, Phyllis J. Richardson, appeals an order of the workers' compensation trial court determining the number of weeks of compensation due her for permanent partial disability. The issue on appeal is whether the court properly applied the graduated compensation schedule of 85 O.S. Supp.1998 § 22(3)(b). We find it did not and vacate and remand with directions.

¶2 Claimant brought this claim seeking compensation benefits for injury to both shoulders, left arm, and both hands. The workers' compensation trial court determined Claimant sustained 1% permanent partial disability to the body as a whole due to injury to the left shoulder, 6% permanent partial disability to the left arm, 15% permanent partial disability to the right hand, and 15% permanent partial disability to the left hand (for a total of 30% disability to the hands), for which Claimant was entitled to compensation for 76.4 weeks. Claimant seeks review in this court. She does not contest the trial court's determination of the extent of her disability, but rather asserts the trial court misapplied section 22(3)(b) in determining the amount of compensation to which she is entitled.

¶3 The material facts of this case are not in dispute. Where there are no disputed facts, a question of law is presented, which is subject to de novo review. *McCarter v. Rainbo Baking Co.,* 1998 OK CIV APP 78, ¶5, 964 P.2d 918, 919, *cert. denied.*

¶4 Section 22(3)(b) provides for a weighted schedule of benefits based on the degree of disability.

[I]n case of disability, partial in character but permanent in quality, the compensa-

tion shall be seventy percent (70%) of the employee's average weekly wages, and shall be paid to the employee for the period prescribed by the following schedule:

(1) For each percent of the first nine percent (9%) of disability, eighty percent (80%) of the number of weeks of compensation provided by law prior to November 4, 1994;

(2) For each percent of the next eleven percent (11%) of disability, the identical number of weeks of compensation provided by law prior to November 4, 1994;

(3) For each percent of the next thirty percent (30%) of disability, one hundred twenty percent (120%) of the number of weeks of compensation provided by law prior to November 4, 1994; and

(4) For each remaining percent of disability, the identical number of weeks of compensation provided by law prior to November 4, 1994.

The effect of this graduated schedule is to provide somewhat lesser benefits to those who are only slightly injured, while providing greater benefits to those who are more grievously injured. See *McCarter*, 1998 OK CIV APP 78, ¶ 12, 964 P.2d at 921.

¶ 5 Claimant contends the trial court erred as a matter of law by applying section 22(3)(b) separately to her hand, arm, and shoulder disabilities, rather than considering her disabilities together when calculating the number of weeks of permanent partial disability. The trial court applied section 22(3)(b) as follows:

Both hands—30% PPD (15% as to each hand):

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 200 weeks | × | 9% | × | 80% | = | 14.4 weeks |
| 200 weeks | × | 11% | × | 100% | = | 22.0 weeks |
| 200 weeks | × | 10% | × | 120% | = | 24.0 weeks |
| Subtotal | = | 30% | | | = | 60.4 weeks |

Left arm—6% PPD:

| | | | | | | |
|---|---|---|---|---|---|---|
| 250 weeks | × | 6% | × | 80% | = | 12.0 weeks |

Left shoulder (body as a whole)—1% PPD:

| | | | | | | |
|---|---|---|---|---|---|---|
| 500 weeks | × | 1% | × | 80% | = | 4.0 weeks |

| | | |
|---|---|---|
| **TOTAL** | = | 76.4 weeks |

According to Claimant's argument, had the trial court considered her disabilities together when applying section 22(3)(b), Claimant would only have been subject to the 80% provision once for the first 9% of her total disability, rather than three times for the first 9% of disability to each different body part. Claimant's argument raises two issues. First, should section 22(3)(b) be applied only once to several individual disabilities if they arise out of the same occurrence? Second, if so, how should the calculation of benefits be carried out?

■ ¶ 6 The answer to the first question is clearly yes: individual disabilities arising out of the same accident or trauma should be considered together so that section 22(3)(b)'s graduated scale of benefits is applied only once. Two divisions of this court have considered this issue in published opinions and have held that the disabilities must be considered together.[1] We adopt their reasoning here. To do otherwise would be to undercompensate Claimant merely because her injuries are not confined to one body part. See generally *Garrison v. Bechtel Corp.*, 1995 OK 2, & 17, 889 P.2d 273, 281 (the Workers' Compensation Act is to be liberally construed in favor of the workers it is intended to benefit.)

¶ 7 In so holding, we reject Employer's sole argument that section 22(3)(b) should be applied to each disability separately. We agree with Employer that the obvious purpose of the amendment to section 22(3)(b) was to give less compensation to those suffering only minor injuries while giving more compensation to those suffering greater injuries. See *McCarter*, 1998 OK CIV APP 78, ¶ 12, 964 P.2d at 921. However, a combination of several minor injuries can leave a claimant substantially impaired. See *id.* We do not accept the view that the legislature intended to compensate a substantially disabled claimant less merely because her overall disability results from the combination of several smaller injuries. See *id.*

1. Division 3: *Sharitt v. American Airlines*, 1998 OK CIV APP 74, 962 P.2d 663, *cert. denied*, and *Stice v. McDonnell Douglas*, 1997 OK CIV APP 11, 935 P.2d 1195; Division 4: *McCarter v. Rainbo Baking Co.*, 1998 OK CIV APP 78, 964 P.2d 918, *cert. denied*, and *Rhea v. Southwest Cupid*, 1998 OK CIV APP 97, 969 P.2d 1000.

¶ 8 Indeed, the trial court impliedly acknowledged that treating each of the disabilities separately would unfairly under-compensate Claimant when it combined the 15% disability rating to each of her hands into one rating of 30% before it applied section 22(3)(b). Claimant's hand injuries were easily combined; both were subject to a 200 week basis and could easily be added together. Claimant's other injuries, however, were subject to a 250 week basis (arm) and 500 week basis (whole body). Because there is no common basis in terms of weeks, the hand, arm, and shoulder disabilities cannot be simply added together and applied to section 22(3)(b). Nevertheless, the fact that this presents a difficult calculation and the disabilities are not readily combined does not compel the legal conclusion that they need not be combined.

¶ 9 This leads us to the second issue: how disabilities to disparate body parts subject to different compensation bases should be organized for the proper application of section 22(3)(b). Neither the supreme court nor this court has considered this precise issue before.[2]

¶ 10 There are three ways to organize these injuries for the purposes of applying section 22(3)(b).

¶ 11 The first method would be to convert the disability ratings to the whole body and then combine them using the tables provided in the AMA's *Guides to the Evaluation of Permanent Impairment*, 4th ed. (1993) (the *Guides*). Combining disabilities to two or more major members to disability to the body as a whole is a permissive method for determining entitlement to compensation. *Peoples v. Oklahoma Med. Research Found.*, 1994 OK CIV APP 101, ¶ 3, 879 P.2d 843, 845. This method is appealing because it results in one aggregate disability rating to

be applied to section 22(3)(b). However, converting major member disabilities to a whole body figure can only be done where there is medical evidence that the cumulative effect of the injuries impacts the whole body and should only be employed to the workers' benefit and never to his detriment. *Id.* (citing *Stoldt Builders, Inc. v. Thomas*, 1964 OK 127, 393 P.2d 875); *Special Indem. Fund v. Choate*, 1993 OK 15, 847 P.2d 796. In this case, there is no medical evidence that Claimant's disabilities to her hands and arm impact the whole body. Therefore, we cannot adopt that method here.[3]

¶ 12 The second method would organize the injuries with their compensation bases in increasing order (the 200–week disability, then the 250–week disability, then the 500–week disability):

Both hands—30% PPD (15% as to each hand)

| | | | | | |
|---|---|---|---|---|---|
| 200 weeks | × | 9% | × | 80% | = 14.4 weeks |
| 200 weeks | × | 11% | × | 100% | = 22.0 weeks |
| 200 weeks | × | 10% | × | 120% | = 24.0 weeks |
| Subtotal | = | 30% | | | = 60.4 weeks |

Left arm—6% PPD:

| | | | | | |
|---|---|---|---|---|---|
| 250 weeks | × | 6% | × | 120% | = 18.0 weeks |

Left shoulder (body as a whole)—1% PPD:

| | | | | | |
|---|---|---|---|---|---|
| 500 weeks | × | 1% | × | 120% | = 6.0 weeks |

**TOTAL** = **84.4 weeks**

This is the method Claimant urges us to adopt. It is also the method impliedly adopted by the court of appeals in *McCarter*, 1998 OK CIV APP 78, 964 P.2d 918. *McCarter* is almost identical to this case in all relevant aspects.

¶ 13 In *McCarter*, the claimant filed three Form 3's, alleging several injuries from cumulative trauma, all accruing on the same date. *Id.* at ¶ 2, 964 P.2d at 919. The trial court consolidated all three claims, determined the claimant was permanently partially disabled to several different body parts,

---

**2.** In most instances, the question of combining the injuries for application of section 22(3)(b) arose in the context of two parallel injuries subject to the same basis. For example, in both *Sharitt v. American Airlines*, 1998 OK CIV APP 74, 962 P.2d 663, *cert. denied*, and *Rhea v. Southwest Cupid*, 1998 OK CIV APP 97, 969 P.2d 1000, the claimant suffered injury to both hands. In those instances, simply adding the disability ratings was an easy solution to the problem.

**3.** We note, however, that, if there was competent evidence to support converting Claimant's disabilities to the whole body, under the method provided in the Guides, Claimant would be entitled to either 86 or 91 weeks of compensation, depending on the order in which the disabilities were combined.

and applied section 22(3)(b) to each body part separately. *Id.* at ¶ 3, 964 P.2d at 919. The court of civil appeals held the trial court should have applied section 22(3)(b)'s graduated schedule of benefits only once. *Id.* at ¶ 14, 964 P.2d at 921. Although the *McCarter* court did not expressly state how the injuries should be organized before applying section 22(3)(b), in a footnote it indicated the disabilities should be organized using this second method (with the compensation bases in increasing order). *Id.* at ¶ 14, 964 P.2d at 921 n. 5.

¶ 14 Finally, the third method would organize the injuries in decreasing order, resulting in this computation:

Left shoulder (body as a whole—1% PPD:
$$500 \text{ weeks} \times 1\% \times 80\% = 4.0 \text{ weeks}$$

Left arm—6% PPD:
$$250 \text{ weeks} \times 6\% \times 80\% = 12.0 \text{ weeks}$$

Both hands—30% PPD (15% as to each hand):

| | | | | |
|---|---|---|---|---|
| 200 weeks × | 3% | × | 80% = | 4.8 weeks |
| 200 weeks × | 11% | × | 100% = | 22.0 weeks |
| 200 weeks × | 16% | × | 120% = | 38.4 weeks |
| Subtotal | = 30% | | | = 65.2 weeks |

$$\textbf{TOTAL} \quad = \quad 81.2 \text{ weeks}$$

Both methods have the benefit of compensating Claimant to a greater degree than she would be if section 22(3)(b) were applied to each disability separately.

¶ 15 Because the first method, converting the individual disabilities to their whole body equivalents, is not an option here, we are left with organizing the disabilities in one order or the other. There is no logical, mathematical reason to prefer one method over the other. In this instance, however, we are not guided merely by logic, but by a rule of statutory construction. It has long been held in this state that the Workers' Compensation Act is construed liberally, in favor of the workers it is intended to benefit. *Garrison,* 1995 OK 2, ¶ 17, 889 P.2d at 281; *see also Wal–Mart Stores, Inc. v. Switch,* 1994 OK 59, ¶ 5, 878 P.2d 357, 359 ("[T]his Court has repeatedly held that workers' compensation laws must be liberally construed in favor of injured employees.") (emphasis added.)

¶ 16 We therefore hold that, where a claimant is rated as being permanently par-

tially disabled to more than one body part, the workers' compensation court must apply section 22(3)(b)'s graduated schedule of benefits only once to the disabilities as a whole, rather than to each disability separately. We further hold that, where those disabilities are to body parts having different compensation bases, the court shall organize the individual disabilities with the compensation bases in increasing order before applying section 22(3)(b), as set forth in this opinion. We, therefore, reverse the judgment of the workers' compensation trial court and remand with instructions to enter an order awarding Claimant 84.4 weeks of compensation.

¶ 17 REVERSED AND REMANDED WITH INSTRUCTIONS.

STUBBLEFIELD, P.J., and REIF, J., concur.