2000 OK CIV APP 82

**Lawrence D. PRICE, Petitioner,**

v.

**AIR TULSA, INC., Employers of Wausau, and The Workers' Compensation Court, Respondents.**

**No. 94,089.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 26, 2000.

Gus Farrar, Tulsa, Oklahoma, for Petitioner.

Chad Whitten, Tulsa, Oklahoma, for Respondents.

## OPINION

HANSEN, Vice-Chief Judge:

¶ 1 The sole issue in this appeal is whether the trial court erred in applying the graduated scale of benefits in 85 O.S.Supp.1999 22(3)(b) separately to injuries to different body parts instead of to the total percentage of disability arising from the same accident. We hold it did and reverse, following the rationale of six published unanimous opinions of all four divisions of the Court of Civil Appeals.[1]

¶ 2 The trial court found Petitioner, Lawrence D. Price (Claimant), sustained an accidental personal injury to his cervical spine, right knee, and left foot arising out of and in the course of his employment with Respondent, Air Tulsa, Inc. (Employer), on October 15, 1996. It awarded permanent partial disability compensation for 133.9 weeks at $205.00 per week.

¶ 3 Although the record does not indicate how the trial court calculated the total of

1. *Stice v. McDonnell Douglas,* 1997 OK CIV APP 11, 935 P.2d 1195, *Sharitt v. American Airlines,* 1998 OK CIV APP 74, 962 P.2d 663 (cert. denied, May 27, 1998), *McCarter v. Rainbo Baking Co.,* 1998 OK CIV APP 78, 964 P.2d 918 (cert. denied, June 3, 1998), *Rhea v. Southwest Cupid,* 1998 OK CIV APP 97, 969 P.2d 1000, *Walker v. Independent School Dist. No. 1 of Tulsa County,* 1999 OK CIV APP 93, 989 P.2d 1054, and *Richardson v. Bartlett Collins Co.,* 1999 OK CIV APP 105, 990 P.2d 305 (cert. denied, Sept. 14, 1999).

133.9 weeks, the parties agree the trial court applied the provisions of 85 O.S.Supp.1999 22(3)(b)(1) separately to each of the injured body parts. Claimant contends the statutory reduction should be applied to the total percentage of disability resulting from this one accident, so that the number of weeks of compensation would be 169.4 rather than 133.9. Employer argues the Legislative intent was to treat multiple body part injuries separately when calculating the percentage of disability.

¶ 4 The six cases cited above have uniformly held the schedule of benefits provided in § 22(3)(b)(1) should be applied to the total percentage of impairment arising from the same accident. In *Richardson*, 990 P.2d at 309, the Court further held "where those disabilities are to body parts having different compensation bases, the court shall organize the individual disabilities with the compensation bases in increasing order before applying section 22(3)(b)."

¶ 5 The rules of *Richardson* and its predecessor cases apply to the facts of this case. We hold the trial court erred in failing to use the total percentage of impairment arising from the same accident in calculating benefits pursuant to § 22(3)(b). The trial court's order is VACATED and this matter is REMANDED with instructions to enter an award in favor of Claimant for 169.4 weeks of permanent partial disability compensation.

¶ 6 ADAMS, J., and JOPLIN, J., concur.