2008 OK CIV APP 82

**MULTIPLE INJURY TRUST FUND, Petitioner,**

v.

**Cynthia Denise HARPER and The Workers' Compensation Court, Respondents.**

**No. 105,036.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 29, 2008.

---

Georgiana Peterson, Oklahoma City, OK, for Petitioner,

Jack Barragree, Jack Barragree, P.C., Oklahoma City, OK, for Respondent.

LARRY JOPLIN, Judge.

¶ 1 Petitioner Multiple Injury Trust Fund (Fund) seeks review of an order of a three-judge panel of the Workers' Compensation Court affirming the trial court's award of benefits to Respondent Cynthia Denise Harper (Claimant) for increased permanent partial disability (PPD) as a result of the combination of disabilities. In this review proceeding, Fund complains the Workers' Compensation Court granted Claimant benefits for PPD exceeding those allowed by 22 O.S. § 22(3)(b).

¶ 2 In September 1999, Claimant sustained an on-the-job injury to her back, and in January 2000, Claimant filed her Form 3. Claimant eventually received benefits equivalent to fifty-nine and sixty-eight one-hundredths percent (59.68%) PPD, over and above a pre-existing ten percent (10%) PPD. See, J.C. Penney Co. v. Crumby, 1978 OK 80, 584 P.2d 1325.

¶ 3 Claimant subsequently sought benefits from Fund for materially greater disability as a result of the combination of her pre-existing disability and disability attributable to the latest injury. See, 85 O.S. § 172. After an unrecorded hearing, the trial court awarded Claimant benefits for an additional eight percent (8%) PPD, or forty (40) weeks of compensation. Fund appealed, and a three-judge panel unanimously affirmed the trial court's order.

¶ 4 Fund here argues that the law in effect at the time of Claimant's subsequent injury controls, and that, at the time of Claimant's latest injury, § 22(3) of title 85, O.S. Supp. 1994, limited the amount which could be awarded. That section provided:

(b) With respect to injuries occurring after the effective date of this act, in case of disability, partial in character but permanent in quality, the compensation shall be seventy percent (70%) of the employee's average weekly wages, and shall be paid to the employee for the period prescribed by the following schedule:

(1) *For each percent of the first nine percent (9%) of disability, eighty percent (80%) of the number of weeks of compensation provided by law* prior to the effective date of this act;

(2) For each percent of the next eleven percent (11%) of disability, the identical number of weeks of compensation provided by law prior to the effective date of this act;

(3) For each percent of the next thirty percent (30%) of disability, one hundred twenty percent (120%) of the number of weeks of compensation provided by law prior to the effective date of this act; and

(4) For each remaining percent of disability, the identical number of weeks of compensation provided by law prior to the effective date of this act.

85 O.S. Supp.1994 § 22 (effective November 4, 1994). (Emphasis added.) So, says Fund, because § 22(3)(b)(1) limited Claimant's award to "eighty percent (80%) of the number of weeks" "[f]or each percent of the first nine percent (9%) of disability," or thirty-two weeks,[1] the Workers' Compensation Court erred as a matter of law in granting forty weeks of additional compensation. *See also, Alhjouj v. Special Indem. Fund,* 1997 OK CIV APP 68, 947 P.2d 1117.

■ ¶ 5 The extent of Fund's liability for materially greater disability as a result of the combination of disabilities is entirely statutory. 85 O.S. §§ 171, 172; *Special Indem. Fund v. Hulse,* 1967 OK 219, ¶ 12, 441 P.2d 366, 368. The law in effect at the time of the subsequent injury controls the liability of the Fund. *See, e.g., Special Indem. Fund v. Archer,* 1993 OK 14, ¶ 9, 847 P.2d 791, 794–795. At the time of Claimant's subsequent injury in September 1999, § 172 provided:

If an employee who is a 'physically impaired person' receives an accidental personal injury compensable under the Workers' Compensation Act which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities.... If such combined disabilities constitute partial permanent disability as now defined by the Workers' Compensation Act of this state, then such employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from such subsequent injury, and in addition thereto such employee shall receive full compensation for his combined disability as above defined, after deducting therefrom the percent of that disability that constituted the employee a 'physically impaired person,' as defined herein, all of which shall be computed upon the schedule and provision of the Workers' Compensation Act of this state. Provided the employer shall be liable only for the degree of percent of disability which would have resulted from the latter injury if there had been no preexisting impairment. After payments by the employer or his insurance carrier, if any, have ceased, the remainder of such compensation shall be paid out of the Special Indemnity Fund provided for in Section 173 of this title, in periodic installments.

85 O.S. Supp.1994 § 172(A).

¶ 6 The Court of Civil Appeals addressed the interplay of 85 O.S. Supp.1994 §§ 22(3)(b) and 172(A) in *Alhjouj.* In that case, claimant suffered from pre-existing twenty-eight and one-quarter percent (28.25%) PPD, twelve and one-half percent (12.5%) PPD from her latest injury, and a material increase of five percent (5%) PPD as a result of the combination of disabilities, for which the Workers' Compensation Court awarded her an additional 20 weeks of compensation from Fund. *Alhjouj,* 1997 OK CIV APP 68, ¶ 3, 947 P.2d at 1117. On claimant's

---

**1.** i.e., 8% × 500 weeks = 40 weeks × 80% = 32 weeks.

appeal, the Court of Civil Appeals sustained the order of the Workers' Compensation Court, holding:

> ... Fund's liability is purely derivative from the previously adjudicated obligation of the employer and Fund is responsible *only* for the amount of material difference in disability due to the combination of disabilities....

> ....

> ... Claimant [suffered a] previous disabilit[y], and was compensated for her latest disability by her employer. [The previous and latest disabilities] are components of the combined disability which determines if Fund is liable, but both are *wholly separate* obligations. Fund's compensation supplements the others to ensure Claimant is fully compensated, but Fund is not liable for the entire combined disability, only the material increase. Accordingly, we hold that the 5% material increase comes within the first 9% of disability *for which Fund is liable* under § 22(3)(b)(1).

> ....

> ... The 5% material increase would have entitled Claimant to 25 weeks of compensation. In accordance with § 22(3)(b)(1), Claimant is to receive compensation for 80% of the number of weeks provided by law.... Eighty percent of 25 weeks is 20 weeks, the number of weeks ordered by the Workers' Compensation Court. The Workers' Compensation Court ordered the correct number of weeks.

*Alhjouj*, 1997 OK CIV APP 68, ¶¶ 8, 10, 12, 947 P.2d at 1119. (Emphasis original.)

¶ 7 Claimant distinguishes the Court of Civil Appeals' opinion in *Alhjouj* as persuasive only and not outcome determinative here. See, 20 O.S. § 30.5; Ok.S.Ct.R. 1.200(c)(2), 12 O.S., Ch. 15, App. 1. Claimant further asserts the Workers' Compensation Court reasoned in the present case that, because the award for her latest injury had already been reduced pursuant to § 22(3)(b)(1), the award against Fund for a materially greater disability as a result of the combination of disabilities should not be subject to another reduction under § 22(3)(b)(1), and that this reasoning is consistent with the cases holding "individual disabilities arising out of the same accident or trauma should be considered together so that section 22(3)(b)'s graduated scale of benefits is applied only once." *Richardson v. Bartlett Collins Co.*, 1999 OK CIV APP 105, ¶ 6, 990 P.2d 305, 307. *Accord, Rhea v. Southwest Cupid*, 1998 OK CIV APP 97, ¶¶ 14, 15, 969 P.2d 1000, 1003;[2] *McCarter v. Rainbo Baking Co.*, 1998 OK CIV APP 78, ¶ 12, 964 P.2d 918, 921;[3] *Sharitt v. American Airlines*, 1998 OK CIV APP 74, ¶¶ 15, 16, 962 P.2d 663, 666;[4] *Stice v. McDonnell Douglas*, 1997 OK CIV APP 11, ¶ 14, 935 P.2d 1195, 1197.[5] Moreover,

2. "In this case, ... Claimant's identical injury-causing tasks resulted in cumulative trauma, which caused injury to more than one body part-both hands. In such an instance, the trial court must consider the awards together for purposes of application of section 22(3)(b)...."; "The trial court's application of section 22(3)(b)(1) and (2) separately with regard to the impairment of each hand is clearly contrary to law and must be reversed. The cause is remanded to the trial court with instructions to enter an award consistent with the holding of this court."

3. "These statutes, as part of the ever-continuing efforts of the legislature to balance workers' compensation costs to employer with benefits to employee, obviously reflects an intent to lessen compensation for less disabling injuries, while raising compensation for more disabling injuries. However, the treatment of each injured body part separately, although each resulted from cumulative trauma and accrued on the same date, makes no allowance for the overall severity of the resultant disability of the claimant. Thus, a substantially disabled employee is treated as though his disability were minor. [S]uch application of section 22(3)(b) was error."

4. "The calculation used by the Workers' Compensation Court applied the 80% limit in § 22(3)(b)(1) twice, that is, to the first 9% of disability for each hand. If the multiple impairments had been 'other cases,' there would have been only one determination of impairment to the whole person, and thus only one 80% limitation for the first 9% of disability. Also, the claimant with uncombined scheduled disabilities would be deprived of the enhanced 120% factor found in § 22(3)(b)(3). We can discern no reason why the Legislature would have intended such an inequitable result"; "Accordingly, we hold the Workers' Compensation Court erred, in calculating the number of weeks of compensation to which Claimant was entitled, by failing to use the total impairment from both adjudicated disabilities."

5. "It is clear the trial court determined a 6% disability is 30 weeks, which reduced [to] 80%, is

says Claimant, the parties did not request the transcription of the proceedings either before the trial court or the three-judge panel, the record on appeal consequently contains none, and, in the absence of a record demonstrating the error of which Fund complains, we must presume that the lower court did not err. *See, e.g., Enochs v. Martin Properties, Inc.,* 1997 OK 132, ¶ 6, 954 P.2d 124, 127.

■ ¶ 8 "We are bound by *stare decisis* to apply the any-competent evidence standard of review to the factual determinations of the Workers' Compensation Court sitting *en banc. Parks v. Norman Mun. Hosp.,* 1984 OK 53, ¶ 2, 684 P.2d 548, 549." *Emery v. Central Oklahoma Health Care,* 2007 OK 28, ¶ 7, 158 P.3d 1052, 1054–1055. (Emphasis original.) "Under this standard, we review the facts only to determine whether the record contains any competent evidence to support the court's decision, not whether the preponderance of the evidence supports the decision." *Id.*

■ ¶ 9 "We review questions of law, however, *de novo." Emery,* 2007 OK 28, ¶ 7, 158 P.3d at 1055. (Citation omitted.) Under the *de novo* standard, the appellate courts possess plenary authority to review the lower court's legal rulings independently and without deference to the lower court's conclusion. *St. John Medical Center v. Bilby,* 2007 OK 37, ¶ 2, 160 P.3d 978, 979; *Multiple Injury Trust Fund v. Pullum,* 2001 OK 115, ¶ 8, 37 P.3d 899, 903–904.

■ ¶ 10 "Statutory construction presents a question of law which is subject to *de novo* review." *St. John Medical Center,* 2007 OK 37, ¶ 2, 160 P.3d at 979. More particularly, and absent disputed facts concerning the extent of disability, the question of the lower court's application of § 22 in the calculation of benefits presents a question of law subject to *de novo* review. *Rhea,* 1998 OK CIV APP 97, ¶ 9, 969 P.2d at 1002.

■ ¶ 11 In the present case, neither party challenges the lower court's adjudication

of the extent of Claimant's greater disability as a result of the combination of disabilities. Rather, Fund complains the lower court misapplied § 22(3)(b)(1) in the calculation of Claimant's benefits. The lower court's refusal to adjust the award of PPD as Fund complains is apparent on the face of the judgment roll, and consequently, the absence of any hearing transcripts in the appellate record does not affect our authority to independently review the lower court's alleged error of law in its application of § 22(3)(b)(1).

■ ¶ 12 In this respect, *Stice* and its progeny clearly stand for the proposition that, in determining an employer's liability for PPD where a claimant suffers injuries to more than one part of the body arising out of the same single event accident or cumulative trauma, the disabilities attributable to each injury are considered together, and § 22(3)(b)(1) applies only once to reduce the first nine percent (9%) of the claimant's total disability arising out of the same single event accident or cumulative trauma. We see no reason the same rule should not apply to Fund.

¶ 13 First, we read nothing in § 22(3) or § 172(A) that dictates otherwise. Indeed, by force of § 172(A), the obligation of Fund to pay "full compensation for . . . combined disability" "shall be computed upon the schedule and provision of the Workers' Compensation Act of this state," *i.e.,* according to § 22.

¶ 14 Second, *Alhjouj* is clearly distinguishable. There, the question of whether the award for PPD attributable to claimant's latest injury had been subjected to operation of § 22(3)(b)(1) was neither raised by the parties, nor addressed by the Court on appeal. To read *Alhjouj* as requiring a § 22(3)(b)(1) reduction of the first nine percent of Fund's liability for material greater PPD, where the award for PPD attributable to claimant's latest injury had already been subjected to reduction under § 22(3)(b)(1), would directly contravene the unbroken chain of cases, beginning with *Stice,* which uniformly construe

24 weeks, the figure used in the order. We hold the court erred in failing to consider the 6% PPD left shoulder adjudication as a part of the December 1, 1993 injury. As to the 6% PPD of the left

shoulder injury, the court should have calculated [the claimant's] number of weeks at 80% for only the first 1% disability, with no reduction of the remaining 5% PPD."

§ 22(3)(b)(1) as applying only once to the first nine percent of a claimant's *total* disability.

■ ¶ 15 All of a claimant's disabilities must be considered together when applying § 22(3)(b)(1). In the present case, Claimant's materially greater disability as a result of combination of disabilities must accordingly be considered together with the disability attributable to the latest injury for purposes of § 22(3)(b)(1). Because § 22(3)(b)(1) applies only once to reduce the first nine percent (9%) of a claimant's total disability, and because the parties in the present case stipulated that Claimant's award of PPD for her latest injury had already been subjected to reduction under § 22(3)(b)(1), we hold the award against Fund for Claimant's materially greater disability as a result of the combination of disabilities was not subject to a second reduction under § 22(3)(b)(1).

¶ 16 The order of the Workers' Compensation Court is unaffected by the alleged error of law. The order of the three-judge panel is consequently SUSTAINED.

ADAMS, P.J., and HANSEN, J., concur.